**Angel Gutierrez ESCOBAR; Racquel Gutierrez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71102.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

618

Submitted April 16, 2007.*

Filed April 27, 2007.

Marjan H. Bahmani, Esq., Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Angel Gutierrez Escobar and his wife Racquel Gutierrez seek review of a decision of the Board of Immigration Appeals ("BIA") denying their motion to reconsider an earlier order upholding an immigration judge's order denying their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The BIA was within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

Petitioners' equal protection claim is unavailing because the citizen child of a person unlawfully present in the United States is not similarly situated to the citizen child of a person lawfully present in the United States. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."). Their contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.